## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

REVIEW AND HERALD PUBLISHING
ASSOCIATION
55 West Oak Ridge Drive
Hagerstown, Washington County,
Maryland 21740,

      Plaintiff,

      v.

MISSION PUBLICATIONS, INC.
6200 Academy Lane
Harrah, Oklahoma 73045,

      Serve on Registered Agent:
      George Vigneron
      6215 Academy Lane
      Harrah, Oklahoma 73045

      and

JIM L. HINER, SR.
6200 Academy Lane
Harrah, Oklahoma 73045,

      Defendants.

Civil Action No.:1:12-cv-3595

## COMPLAINT

For its Complaint, Plaintiff, Review and Herald Publishing Association ("Review and Herald" or "Plaintiff") alleges as follows:

## THE PARTIES

1.      Review and Herald is a corporation organized and existing under the laws of the District of Columbia with a principal place of business at 55 West Oak Ridge Drive, Hagerstown, Maryland 21740.

2.      Defendant Mission Publications, Inc. ("Mission Publications") is a corporation organized and existing under the laws of the State of Oklahoma with a place of business at 6200 Academy Lane, Harrah, Oklahoma 73045.

3.      Defendant Jim L. Hiner, Sr. ("Hiner") is an individual who resides in the State of Oklahoma.  Hiner is the President of Mission Publications.  Hiner is also a co-incorporator and director of Mission Publications.

## JURISDICTION AND VENUE

4.      This lawsuit arises under the United States copyright laws, codified at 17 U.S.C. §101 *et seq.*, and various state laws.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 17 U.S.C. § 501.  This Court also has subject matter jurisdiction under 28 U.S.C. §§ 1332 because Defendants Mission Publications and Hiner are citizens of the State of Oklahoma while Plaintiff Review and Herald is a citizen of the District of Columbia, and the amount in controversy in this lawsuit, exclusive of interest and costs, exceeds the sum or value of US$75,000 from the perspective of either Defendants or Plaintiff.  Moreover, this Court has supplemental jurisdiction over Plaintiff's claims arising under state laws pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.     This Court may exercise personal jurisdiction over Defendants based upon their contacts with the State of Maryland, including but not limited to regularly and intentionally conducting business in the State of Maryland and committing acts giving rise to this lawsuit here, as alleged elsewhere in this Complaint.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), § 1391(c) and § 1400(a), at least because (a) a substantial part of the events or omissions giving rise to the claims in this lawsuit occurred in this district, including but not limited to acts of infringement and other wrongful conduct; (b) the "Agreement to Lease" that is at issue in this lawsuit states that "[i]n the event that any legal dispute should/shall arise between the LESSOR and LESSEE all parties agree that any and all legal disputes and or disagreements will be adjudicated in the State of Maryland" and (c) Defendants are subject to personal jurisdiction in this district, as alleged elsewhere in this Complaint.

## OPERATIVE FACTS

### Review and Herald and "THE BIBLE STORY" Works

8.     Review and Herald is a publishing house affiliated with the Seventh-day Adventist Church.  Review and Herald publishes Bibles, religious books, and other works of a religious nature.  Review and Herald also offers printing and advertising services to religious entities.

9.     Review and Herald owns all right, title and interest to various works, including ten federally registered copyrights to ten different volumes of books titled "THE BIBLE STORY."  Each volume of the "THE BIBLE STORY" books features Biblical narratives accompanied by colorful illustrations.  "THE BIBLE STORY" books were first published

between 1953 and 1957, and have been a resounding success.  The registration and renewal numbers for the ten federally registered copyrights for the ten volumes of the "THE BIBLE STORY" books that Review and Herald owns by written agreement are as follows (copies of the Certificates of Registration and Renewals are attached):

      a.      A 117783/RE 98-869, "THE BIBLE STORY – Volume 1" (Exhibit A)

      b.      A 137461/RE 138-140, "THE BIBLE STORY – Volume 2" (Exhibit B)

      c.      A 161283/RE138-141, "THE BIBLE STORY – Volume 3" (Exhibit C)

      d.      A 183018/RE204-344, "THE BIBLE STORY – Volume 4" (Exhibit D)

      e.      A 210610/RE204-342, "THE BIBLE STORY – Volume 5" (Exhibit E)

      f.      A 214822/RE204-341, "THE BIBLE STORY – Volume 6" (Exhibit F)

      g.      A 247398/RE219-908, "THE BIBLE STORY – Volume 7" (Exhibit G)

      h.      A 278388/RE219-906, "THE BIBLE STORY – Volume 8" (Exhibit H)

      i.      A 278505/RE251-739, "THE BIBLE STORY – Volume 9" (Exhibit I)

      j.      A 300412/RE251-740, "THE BIBLE STORY – Volume 10" (Exhibit J)

10.     In 1994, the "THE BIBLE STORY" books were revised.   The revised "THE BIBLE STORY" books feature updated Biblical narratives and illustrations.  The Review and Herald owns all right, title and interest to the revised "THE BIBLE STORY" books, including ten federally registered copyrights having the following registration numbers (copies of the Certificates of Registration are attached):

      a.      TX 3-978-831, "THE BIBLE STORY – Volume 1" (revised) (Exhibit K)

      b.      TX 3-978-834, "THE BIBLE STORY – Volume 2" (revised) (Exhibit L)

      c.      TX 3-978-835, "THE BIBLE STORY – Volume 3" (revised) (Exhibit M)

     d.     TX 3-978-837, "THE BIBLE STORY – Volume 4" (revised) (Exhibit N)

     e.     TX 3-978-838, "THE BIBLE STORY – Volume 5" (revised) (Exhibit O)

     f.     TX 3-978-836, "THE BIBLE STORY – Volume 6" (revised) (Exhibit P)

     g.     TX 3-978-839, "THE BIBLE STORY – Volume 7" (revised) (Exhibit Q)

     h.     TX 3-978-747, "THE BIBLE STORY – Volume 8" (revised) (Exhibit R)

     i.     TX 3-978-833, "THE BIBLE STORY – Volume 9" (revised) (Exhibit S)

     j.     TX 3-978-832, "THE BIBLE STORY – Volume 10" (revised) (Exhibit T)

11.     U.S. copyright registrations for the above-mentioned "THE BIBLE STORY" books and revised "THE BIBLE STORY" books (collectively, "THE BIBLE STORY" Works) were made before or within five years after first publication.  Accordingly, and pursuant to 17 U.S.C. § 410(c), the registrations constitute *prima facie* evidence of, among other things, the validity of the corresponding copyrights.  "THE BIBLE STORY" Works have always included appropriate statutory notices of copyright.

### Defendants and the 2009 Agreement with Review and Herald

12.     On December 23, 2009, Defendants executed an "Agreement to Lease" ("Agreement") with Review and Herald regarding "THE BIBLE STORY" Works.  A copy of the Agreement is attached as Exhibit U.

13.     The first paragraph of the Agreement identifies Defendant Mission Publications as a "LESSEE" under the Agreement, states that Mission Publications "is represented by" Hiner, and that Mission Publications and Hiner share the same address.  At the end of the Agreement underneath "For:  Mission Publications, Inc." is Hiner's signature, followed by "Jim L. Hiner" and "LESSEE."  Hiner signed the Agreement in the State of Maryland.

14.     Unfortunately, Defendants have not respected the terms and conditions of the Agreement.  Defendants have breached the Agreement in numerous ways as exemplified in more detail in Paragraphs 15 to 32 below.  Such breaches are material in all respects.

15.     First, Review and Herald granted Mission Publications, subject to various terms and conditions, "[t]he non-exclusive right to replicate and distribute the WORK to the general public for and by sale no matter where the customer is doing business or located geographically, **excluding the North American Division territory as defined by the General Conference of the SDA church**." (Agreement at ¶ 3) (emphasis added).

16.     As set forth, for example, in the Seventh-day Adventist Online Yearbook at the URL http://www.adventistyearbook.org, the General Conference of the Seventh-day Adventist church defines "North American Division" territory to include the United States.

17.     In violation of the Agreement, Defendants have been, among other things, distributing copies of Spanish translations of "THE BIBLE STORY" Works titled "LAS BELLAS HISTORIAS DE LA BIBLIA" (the Spanish Translations") in the United States. Defendants' aforementioned acts are without authorization and have infringed and continue to infringe Review and Herald's copyrights.

18.     Second, the Agreement prohibits "sell[ing] the WORK through Literature Evangelists to compete with the work of other Seventh-day Adventist Publishing Houses." (*Id.* at ¶ 6).

19.     In violation of the Agreement, Defendants have been, among other things, selling copies of the Spanish Translations through Literature Evangelists in competition with the work

of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned acts are without authorization and have infringed and continue to infringe Review and Herald's copyrights.

20.     Third, the Agreement states that "[t]he LESSEE agrees to pay royalties on every set of the WORK sold in any language."  (*Id.* at ¶ 4).

21.     In violation of the Agreement, Defendants have never paid any such royalties.

22.     Fourth, the Agreement states that "[t]he LESSEE shall be obligated to send to LESSOR monthly sales report with the sales breakdown by language and country." (*Id.* at ¶ 5).

23.     On information and belief and in violation of the Agreement, Defendants have never sent such a sales report to Review and Herald.

24.     Fifth, the Agreement states that "LESSEE shall instruct the printers to send a printing certificate to LESSOR every time the WORK is printed indicating the total quantity and the breakdown by language."  (*Id.*).

25.     On information and belief and in violation of the Agreement, Defendants have never instructed a printer to send such a printing certificate to Review and Herald.

26.     Sixth, the Agreement states that "any and all translations of the WORK to be prepared by the LESSEE shall be owned by the LESSOR."  (*Id.* at ¶ 10).

27.     In violation of the Agreement, Defendants claim ownership of the Spanish Translations.   Attached as Exhibit V are copies of the cover and a copyright page from an exemplary volume of the Spanish Translations.   The copyright page includes the following language: "Translation copyright, 2009, by Mission Publications."

28.     Seventh, the Agreement states that "LESSEE shall include the following information in all versions of the copyright page of the WORK printed in all languages:  Original

English edition 'Copyright © 1994 by Review and Herald Publishing Association.'"  (*Id.* at ¶ 11).

29.      In violation of the Agreement, and as shown in Exhibit V, the Spanish Translations only state:  "Illustrations copyright, 1994, by the Review and Herald Publishing Association."

30.      Eighth, the Agreement states that "LESSEE shall send the electronic file of the WORK translated into a new language to LESSOR as soon as a new translation is finished."  (*Id.* at ¶ 10).

31.      On information and belief and in violation of the Agreement, Defendants have never sent Review and Herald such an electronic file.

32.      Consequently, on April 19, 2010, via certified mail Review and Herald sent a "Cancellation of Agreement Notice" to Defendants that, among other things, terminated the Agreement in view of the numerous material breaches.

33.      Despite such notice, and termination of the Agreement, Defendants have continued to infringe Review and Herald's copyrights to "THE BIBLE STORY" Works in United States and elsewhere.  Defendants have rebuffed subsequent settlement attempts and cease and desist letters from Review and Herald, necessitating the filing of this lawsuit.

34.      Such settlement attempts include an offer made in 2011 whereby the Defendants would, within 30 days, stop selling copies of the Spanish Translations and provide their entire inventory of such copies to Review and Herald in return for a credit for their value.  In reaction to such offer, Defendants returned some copies that amounted to far less than a majority of the copies in their possession.  They then resumed distributing and selling copies of the Spanish

Translations in violation of the Agreement and Review and Herald's copyrights, refused to return their entire inventory of such copies, and otherwise refused to accept the generous offer by Review and Herald.

### Damage to Pacific Press Publishing Association by Defendants

35.     Pacific Press Publishing Association, Inc. ("Pacific Press") is an Idaho corporation with a place of business at 1350 North Kings Road, Nampa, Idaho 83687.  Like Review and Herald, Pacific Press is a publishing house affiliated with the Seventh-day Adventist Church.

36.     Among other things, Pacific Press has the right to distribute copies of foreign language translations of the "THE BIBLE STORY" Works in the United States and elsewhere.

37.     As alleged previously, Defendants have been, among other things, distributing copies of the Spanish Translations in the United States without authorization.   Moreover, Defendants have been, among other things, selling copies of the Spanish Translations through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses like Pacific Press.  These acts of Defendants have damaged Pacific Press and its rights.

38.     Pacific Press was an intended beneficiary of the Agreement.  Defendants were at all times well aware that breaching the Agreement would damage Pacific Press.  Pacific Press has assigned to Review and Herald all rights, claims, damages and causes of action as a result of such breaches.

### Other Contacts with Review and Herald and Hiner's Corporate Alter Egos

39.     Hiner distributes and sells various works of a religious nature.  Review and Herald has a long history with Hiner.  In furtherance of his business, Hiner has purchased various books and other items from Review and Herald for more than two decades.  He has also sold books to Review and Herald.  He utilized Review and Herald's printing and advertising services, and entered into various agreements with Review and Herald.  In addition to "Mission Publications, Inc." and "Mission Publications," prior corporate entities and trade names that Hiner has used to conduct business with Review and Herald include "Mission Publishing," "Mission Publishing, Inc.," "Academy Enterprises," and "Academy Enterprises, Inc."

40.     Mission Publishing, Inc. ("MPI"), not to be confused with Defendant Mission Publications, Inc., was incorporated on August 18, 1998.  Hiner was the President and a director of MPI.  The corporation was suspended on August 4, 2006.

41.     Despite suspension of MPI, Hiner nevertheless continued to use the names "Mission Publishing" or "Mission Publishing, Inc." as a trade name in his dealings with Review and Herald.

42.     Upon information and belief, MPI is a sham entity belonging to Hiner.  Upon further information and belief, MPI was grossly undercapitalized, did not followed corporate formalities in its organization and was otherwise insolvent. Also upon information and belief, it did not keep separate books, its finances were not kept separate from Hiner's, Hiner paid personal obligations from MPI, and it was merely an alter ego of Hiner.

43.     Accordingly it is equitable and proper under Oklahoma law to impose personal liability on Hiner for the acts or failures to act of MPI.

44.     On December 31, 1984, Hiner formed an Oklahoma corporation known as Academy Enterprises, Inc. ("AEI").  Upon information and belief, Hiner was the President and a director of AEI.  The corporation was suspended.

45.     Despite suspension of AEI, Hiner nevertheless continued to use the name "Academy Enterprises" or "Academy Enterprises, Inc." as a trade name in his dealings with Review and Herald.

46.     Upon information and belief, AEI, like MPI, is a sham entity belonging to Hiner. Upon further information and belief, AEI was grossly undercapitalized, did not followed corporate formalities in its organization and was otherwise insolvent. Also upon information and belief, AEI did not keep separate books, its finances were not kept separate from Hiner's, Hiner paid personal obligations from AEI, and it was merely an alter ego of Hiner.

47.     Accordingly it is equitable and proper under Oklahoma law to impose personal liability on Hiner for the acts or failures to act of AEI.

48.     Review and Herald has kept a running account of amounts that Hiner owes to Review and Herald as a result of his various ventures, has repeatedly presented Hiner with monthly statements of account showing the balance due and owing, and has sought full payment.

49.     By way of example, in 2009 Hiner ordered and was invoiced for 1,450 black Bibles and 750 burgundy Bibles at a cost of US$24 each.  Also in 2009 Hiner ordered and was invoiced for 500 "Pathways of Pioneers" CD sets at US$20 each.  Further, in 2009 Hiner ordered and was invoiced for additional Study Bible/Hymnal sets including some with large print. Review and Herald kept a running account of all such transactions with Hiner and issued periodic invoices.  Hiner has repeatedly breached by failing to timely pay the invoices.

50.     Although on March 2, 2010 Hiner made a US$2,000 payment on account of such purchases, currently, Hiner owes more than US$94,000.00 to Review and Herald.  This amount solely relates to the breaches described in paragraphs 48 through 49, and is mutually exclusive to the damages, including damages to Pacific Press, incurred as a result of Hiner's copyright infringement and breaches of the Agreement to Lease relating to "THE BIBLE STORY" Works.

**COUNT I**
**Copyright Infringement of "THE BIBLE STORY – Volume 1,"**
**Reg. No. A 117783/RE 98-869**

51.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 50, inclusive, as though fully set forth herein.

52.     Plaintiff owns by written agreement all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 1," which has a registration number of A 117783 and a renewal number of RE 98-869.  A copy of the Certificate of Registration and Renewal is attached as Exhibit A.

53.     Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.  Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

54.    Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.  Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

55.    Defendants' wrongful acts are blatant, wanton, and willful.

56.    Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

57.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

58.     Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17

U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles

of reproduction pursuant to 17 U.S.C. § 503.

**COUNT II**
**Copyright Infringement of "THE BIBLE STORY – Volume 2,"**
**Reg. No. A 137461/RE 138-140**

59.     Plaintiff re-alleges and incorporates by reference each and every allegation set

forth in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.     Plaintiff owns by written agreement all right, title and interest to the federally

registered copyright "THE BIBLE STORY – Volume 2," which has a registration number of A

137461 and a renewal number of RE 138-140.   A copy of the Certificate of Registration and

Renewal is attached as Exhibit B.

61.     Upon information and belief, Defendants have infringed and continue to infringe

the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things,

reproducing, translating, distributing and selling copies of a corresponding Spanish translation of

the copyrighted work, including but not limited to distributing copies of the corresponding

Spanish translation of the copyrighted work in the United States and by selling infringing copies

of the corresponding Spanish translation of the copyrighted work through Literature Evangelists

in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants'

aforementioned wrongful acts violated the Agreement, are without authorization and have

infringed and continue to infringe the aforementioned copyright.

62.     Upon information and belief, Hiner has infringed and continues to infringe the

aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally

participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.  Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

63.     Defendants' wrongful acts are blatant, wanton, and willful.

64.     Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

65.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

66.     Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT III**
**Copyright Infringement of "THE BIBLE STORY – Volume 3,"**

**Reg. No. A 161283/RE 138-141**

67.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 66, inclusive, as though fully set forth herein.

68.     Plaintiff owns by written agreement all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 3," which has a registration number of A 161283 and a renewal number of RE 138-141.   A copy of the Certificate of Registration and Renewal is attached as Exhibit C.

69.     Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

70.     Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.   Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the

Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

71.     Defendants' wrongful acts are blatant, wanton, and willful.

72.     Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

73.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

74.     Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT IV**
**Copyright Infringement of "THE BIBLE STORY – Volume 4,"**
**Reg. No. A 183018/RE 204-344**

75.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 74, inclusive, as though fully set forth herein.

76.     Plaintiff owns by written agreement all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 4," which has a registration number of A 183018 and a renewal number of RE 204-344.   A copy of the Certificate of Registration and Renewal is attached as Exhibit D.

77.     Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

78.     Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.   Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

79.     Defendants' wrongful acts are blatant, wanton, and willful.

80.     Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

81.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

82.     Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT V**
**Copyright Infringement of "THE BIBLE STORY – Volume 5,"**
**Reg. No. A 210610/RE 204-342**

83.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 82, inclusive, as though fully set forth herein.

84.     Plaintiff owns by written agreement all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 5," which has a registration number of A 210610 and a renewal number of RE 204-342.  A copy of the Certificate of Registration and Renewal is attached as Exhibit E.

85.     Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

86.     Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.   Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

87.     Defendants' wrongful acts are blatant, wanton, and willful.

88.     Plaintiff has suffered damages as a result of Defendants' wrongful acts.   Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the

alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

89.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

90.     Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT VI**
**Copyright Infringement of "THE BIBLE STORY – Volume 6,"**
**Reg. No. A 214822/RE 204-341**

91.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 90, inclusive, as though fully set forth herein.

92.     Plaintiff owns by written agreement all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 6," which has a registration number of A 214822 and a renewal number of RE 204-341.  A copy of the Certificate of Registration and Renewal is attached as Exhibit F.

93.     Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of

the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

94.     Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.   Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

95.     Defendants' wrongful acts are blatant, wanton, and willful.

96.     Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

97.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a)

the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

98.     Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT VII**
**Copyright Infringement of "THE BIBLE STORY – Volume 7,"**
**Reg. No. A 247398/RE 219-908**

99.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 98, inclusive, as though fully set forth herein.

100.    Plaintiff owns by written agreement all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 7," which has a registration number of A 247398 and a renewal number of RE 219-908.   A copy of the Certificate of Registration and Renewal is attached as Exhibit G.

101.    Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants'

aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

102.    Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.  Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

103.    Defendants' wrongful acts are blatant, wanton, and willful.

104.    Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

105.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

106.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT VIII**
**Copyright Infringement of "THE BIBLE STORY – Volume 8,"**
**Reg. No. A 278388/RE 219-906**

107.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 106, inclusive, as though fully set forth herein.

108.    Plaintiff owns by written agreement all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 8," which has a registration number of A 278388 and a renewal number of RE 219-906.   A copy of the Certificate of Registration and Renewal is attached as Exhibit H.

109.    Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

110.    Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally

participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts. Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

111.    Defendants' wrongful acts are blatant, wanton, and willful.

112.    Plaintiff has suffered damages as a result of Defendants' wrongful acts. Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages. Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

113.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502. Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

114.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT IX**
**Copyright Infringement of "THE BIBLE STORY – Volume 9,"**

**Reg. No. A 278505/RE 251-739**

115.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 114, inclusive, as though fully set forth herein.

116.    Plaintiff owns by written agreement all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 9," which has a registration number of A 278505 and a renewal number of RE 251-739.   A copy of the Certificate of Registration and Renewal is attached as Exhibit I.

117.    Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

118.    Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.   Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the

Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

119.    Defendants' wrongful acts are blatant, wanton, and willful.

120.    Plaintiff has suffered damages as a result of Defendants' wrongful acts. Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages. Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

121.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502. Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

122.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT X**
**Copyright Infringement of "THE BIBLE STORY – Volume 10,"**
**Reg. No. A 300412/RE 251-740**

123.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 122, inclusive, as though fully set forth herein.

124.     Plaintiff owns by written agreement all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 10," which has a registration number of A 300412 and a renewal number of RE 251-740.   A copy of the Certificate of Registration and Renewal is attached as Exhibit J.

125.     Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

126.     Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.   Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

127.     Defendants' wrongful acts are blatant, wanton, and willful.

128.    Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

129.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

130.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

## COUNT XI
### Copyright Infringement of "THE BIBLE STORY – Volume 1" (revised), Reg. No. TX 3-978-831

131.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 130, inclusive, as though fully set forth herein.

132.    Plaintiff owns all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 1" (revised), which has a registration number of TX 3-978-831. A copy of the Certificate of Registration is attached as Exhibit K.

133.    Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

134.    Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.   Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

135.    Defendants' wrongful acts are blatant, wanton, and willful.

136.    Plaintiff has suffered damages as a result of Defendants' wrongful acts.   Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the

alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

137.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

138.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

### COUNT XII
### Copyright Infringement of "THE BIBLE STORY – Volume 2" (revised), Reg. No. TX 3-978-834

139.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 138, inclusive, as though fully set forth herein.

140.    Plaintiff owns all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 2" (revised), which has a registration number of TX 3-978-834. A copy of the Certificate of Registration is attached as Exhibit L.

141.    Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding

Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

142.   Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.  Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

143.   Defendants' wrongful acts are blatant, wanton, and willful.

144.   Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

145.   Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily

determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

146.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT XIII**
**Copyright Infringement of "THE BIBLE STORY – Volume 3" (revised),**
**Reg. No. TX 3-978-835**

147.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 146, inclusive, as though fully set forth herein.

148.    Plaintiff owns all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 3" (revised), which has a registration number of TX 3-978-835. A copy of the Certificate of Registration is attached as Exhibit M.

149.    Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

150.    Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.  Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

151.    Defendants' wrongful acts are blatant, wanton, and willful.

152.    Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

153.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

154.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17

U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles

of reproduction pursuant to 17 U.S.C. § 503.

**COUNT XIV**
**Copyright Infringement of "THE BIBLE STORY – Volume 4" (revised),**
**Reg. No. TX 3-978-837**

155.    Plaintiff re-alleges and incorporates by reference each and every allegation set

forth in paragraphs 1 through 154, inclusive, as though fully set forth herein.

156.    Plaintiff owns all right, title and interest to the federally registered copyright

"THE BIBLE STORY – Volume 4" (revised), which has a registration number of TX 3-978-837.

A copy of the Certificate of Registration is attached as Exhibit N.

157.    Upon information and belief, Defendants have infringed and continue to infringe

the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things,

reproducing, translating, distributing and selling copies of a corresponding Spanish translation of

the copyrighted work, including but not limited to distributing copies of the corresponding

Spanish translation of the copyrighted work in the United States and by selling infringing copies

of the corresponding Spanish translation of the copyrighted work through Literature Evangelists

in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants'

aforementioned wrongful acts violated the Agreement, are without authorization and have

infringed and continue to infringe the aforementioned copyright.

158.    Upon information and belief, Hiner has infringed and continues to infringe the

aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally

participated in and/or (b) had the right and ability to supervise, direct and control the

aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.  Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

159.    Defendants' wrongful acts are blatant, wanton, and willful.

160.    Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

161.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

162.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT XV**
**Copyright Infringement of "THE BIBLE STORY – Volume 5" (revised),**
**Reg. No. TX 3-978-838**

163.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 162, inclusive, as though fully set forth herein.

164.    Plaintiff owns all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 5" (revised), which has a registration number of TX 3-978-838. A copy of the Certificate of Registration is attached as Exhibit O.

165.    Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

166.    Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.  Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

167.     Defendants' wrongful acts are blatant, wanton, and willful.

168.     Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

169.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

170.     Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

### COUNT XVI
### Copyright Infringement of "THE BIBLE STORY – Volume 6" (revised), Reg. No. TX 3-978-836

171.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 170, inclusive, as though fully set forth herein.

172.     Plaintiff owns all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 6" (revised), which has a registration number of TX 3-978-836. A copy of the Certificate of Registration is attached as Exhibit P.

173.    Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

174.    Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.   Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

175.    Defendants' wrongful acts are blatant, wanton, and willful.

176.    Plaintiff has suffered damages as a result of Defendants' wrongful acts.   Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the

alternative, statutory damages. Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

177.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502. Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

178.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

### COUNT XVII
### Copyright Infringement of "THE BIBLE STORY – Volume 7" (revised), Reg. No. TX 3-978-839

179.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 178, inclusive, as though fully set forth herein.

180.    Plaintiff owns all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 7" (revised), which has a registration number of TX 3-978-839. A copy of the Certificate of Registration is attached as Exhibit Q.

181.    Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding

Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.  Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

182.    Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.  Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

183.    Defendants' wrongful acts are blatant, wanton, and willful.

184.    Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

185.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily

determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

186.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT XVIII**
**Copyright Infringement of "THE BIBLE STORY – Volume 8" (revised),**
**Reg. No. TX 3-978-747**

187.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 186, inclusive, as though fully set forth herein.

188.    Plaintiff owns all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 8" (revised), which has a registration number of TX 3-978-747. A copy of the Certificate of Registration is attached as Exhibit R.

189.    Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

190.    Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.  Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

191.    Defendants' wrongful acts are blatant, wanton, and willful.

192.    Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

193.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

194.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17

U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles

of reproduction pursuant to 17 U.S.C. § 503.

**COUNT XIX**
**Copyright Infringement of "THE BIBLE STORY – Volume 9" (revised),**
**Reg. No. TX 3-978-833**

195.    Plaintiff re-alleges and incorporates by reference each and every allegation set

forth in paragraphs 1 through 194, inclusive, as though fully set forth herein.

196.    Plaintiff owns all right, title and interest to the federally registered copyright

"THE BIBLE STORY – Volume 9" (revised), which has a registration number of TX 3-978-833.

A copy of the Certificate of Registration is attached as Exhibit S.

197.    Upon information and belief, Defendants have infringed and continue to infringe

the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things,

reproducing, translating, distributing and selling copies of a corresponding Spanish translation of

the copyrighted work, including but not limited to distributing copies of the corresponding

Spanish translation of the copyrighted work in the United States and by selling infringing copies

of the corresponding Spanish translation of the copyrighted work through Literature Evangelists

in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants'

aforementioned wrongful acts violated the Agreement, are without authorization and have

infringed and continue to infringe the aforementioned copyright.

198.    Upon information and belief, Hiner has infringed and continues to infringe the

aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally

participated in and/or (b) had the right and ability to supervise, direct and control the

aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.  Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

199.    Defendants' wrongful acts are blatant, wanton, and willful.

200.    Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

201.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

202.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

**COUNT XX**
**Copyright Infringement of "THE BIBLE STORY – Volume 10" (revised),**
**Reg. No. TX 3-978-832**

203.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 202, inclusive, as though fully set forth herein.

204.    Plaintiff owns all right, title and interest to the federally registered copyright "THE BIBLE STORY – Volume 10" (revised), which has a registration number of TX 3-978-832.  A copy of the Certificate of Registration is attached as Exhibit T.

205.    Upon information and belief, Defendants have infringed and continue to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 by, among other things, reproducing, translating, distributing and selling copies of a corresponding Spanish translation of the copyrighted work, including but not limited to distributing copies of the corresponding Spanish translation of the copyrighted work in the United States and by selling infringing copies of the corresponding Spanish translation of the copyrighted work through Literature Evangelists in competition with the work of Seventh-day Adventist Publishing Houses.   Defendants' aforementioned wrongful acts violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

206.    Upon information and belief, Hiner has infringed and continues to infringe the aforementioned copyright under 17 U.S.C. §§ 106, 501, and 602 because Hiner (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the aforementioned wrongful acts, and (c) derived direct financial benefit from the aforementioned wrongful acts.  Upon further information and belief, Hiner has accordingly committed wrongful acts personally or has supervised, directed and controlled wrongful acts that violated the Agreement, are without authorization and have infringed and continue to infringe the aforementioned copyright.

207.    Defendants' wrongful acts are blatant, wanton, and willful.

208.    Plaintiff has suffered damages as a result of Defendants' wrongful acts.  Plaintiff is entitled to recover damages in addition to an accounting, which include any and all profits Defendants have made as a result of their wrongful acts pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages.  Plaintiff is entitled to statutory damages because, among other things, the infringements began well after registration of the aforementioned copyright.

209.    Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendants' wrongful acts because, among other things, (a) the aforementioned copyright is a unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful acts, and the resulting damage to Plaintiff, is continuing.

210.    Plaintiff is further entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505, and to an order of disposition of infringing copies and their corresponding articles of reproduction pursuant to 17 U.S.C. § 503.

## COUNT XXI
## Accounting Against All Defendants

211.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 210, inclusive, as though fully set forth herein.

212.    Pursuant to 17 U.S.C. § 504, Plaintiff may recover any and all profits of Defendants that are attributable to their wrongful conduct, including infringements and acts under the Agreement relating to "THE BIBLE STORY" Works.

213.    A balance is due from Defendants arising from Defendants' infringements and acts under the Agreement relating to "THE BIBLE STORY" Works.

214.    The exact amount of money due from Defendants is unknown to Plaintiff and can only be ascertained through an accounting.  Plaintiff seeks an order from this Court directing Defendants to provide Plaintiff with an accounting and payment of the amount due as a result of the accounting, plus interest, costs and attorney fees as applicable.

## COUNT XXII
### Breach of Contract

215.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 214, inclusive, as though fully set forth herein.

216.    In material breach of the Agreement to Lease:

    a.      On information and belief, Mission Publications never sent a sales report to Review and Herald;

    b.      On information and belief, Mission Publications never instructed a printer to send a printing certificate to Review and Herald;

    c.      Mission Publications claims ownership of the Spanish Translations;

    d.      Mission Publications failed to include on the Spanish Translations the copyright notice set forth in the Agreement;

    e.      On information and belief, Mission Publications failed to send an electronic file of the Spanish Translations to Review and Herald.

## COUNT XXIII
### Breach of Account Stated

217.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 216, inclusive, as though fully set forth herein.

218.     Review and Herald has had a number of transactions with Hiner over a number of years, including at least the transactions memorialized in paragraphs 48 to 49.

219.     Hiner, by both words and conduct, has agreed that the amount stated in the account was correct.

220.     Hiner, by both words and conduct, promised to pay the stated amount to Review and Herald.

221.     Hiner is in breach of such agreement by failing to pay the stated amount to Review and Herald.

222.     There is justly due and owing from Hiner to Review and Herald the sum of $91,380.99 as of the monthly invoice dated October 1, 2012, which amount has increased to over $94,000 as of the date of the filing of this Complaint.

223.     Over the decades Review and Herald has keep a running account of its transactions with Hiner in his various ventures.

224.     Review and Herald has prepared periodic monthly statements of account showing the balance due and owing.

225.     Such account does not include any damages claimed on account of the breaches of the Agreement to Lease nor does this sum include any damage caused to Pacific Press.

226.     There is justly due and owning from Hiner to Review and Herald the sum of $$91,380.99 on the account stated between the parties as of October 1, 2012 plus such other charges as may be reflected on monthly invoices issued subsequent to such date.

**COUNT XXIV**
**Unjust Enrichment**

227.    Review and Herald re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 226, inclusive, as though fully set forth herein.

228.    This cause of action arises under the common law.

229.    A benefit was conferred upon the Defendants by the Review and Herald.  Such benefit includes, but is not limited to, shipping costs, advances of money, the handling of books, the delivery of books and other items as well as the granting of various rights.

230.    The Defendants had a full appreciation and knowledge that Review and Herald conferred such benefit upon them.

231.    Acceptance of such benefit and the retention of such benefit, including the retention of an inventory of copies of the Spanish Translations under such circumstances makes it inequitable for the Defendants to retain such benefit without payment of its value.

232.    By the acts and activities complained of herein, Defendants have been unjustly enriched.

**COUNT XXV**
**Constructive Trust Against All Defendants**

233.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 232, inclusive, as though fully set forth herein.

234.    By virtue of their infringements, Defendants unlawfully received money and profits that rightfully belong to Plaintiff.

235.    Plaintiff has a higher equitable call on such money and profits and it is inequitable for Defendants to retain the same.

236.   A constructive trust should therefore be imposed upon Defendants, holding Defendants as involuntary trustees, and holding the gross receipts from their infringements of "THE BIBLE STORY" Works on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff.

237.   Upon information and belief, Defendants hold the unlawfully received money and profits in the form of bank accounts, real property and personal property that can be located and traced.

238.   Plaintiff is entitled to the remedy of a constructive trust in view of Defendants' infringement of Plaintiffs copyrights to "THE BIBLE STORY" Works.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

A.   Enter judgment that Defendant Mission Publications, Inc. has infringed Plaintiff's rights in each of the following 20 federally registered copyrights, in violation of 17 U.S.C. § 501:

(1)   A 117783/RE 98-869

(2)   A 137461/RE 138-140

(3)   A 161283/RE138-141

(4)   A 183018/RE204-344

(5)   A 210610/RE204-342

(6)   A 214822/RE204-341

(7)   A 247398/RE219-908

(8)   A 278388/RE219-906

(9)     A 278505/RE251-739

(10)    A 300412/RE251-740

(11)    TX 3-978-831

(12)    TX 3-978-834

(13)    TX 3-978-835

(14)    TX 3-978-837

(15)    TX 3-978-838

(16)    TX 3-978-836

(17)    TX 3-978-839

(18)    TX 3-978-747

(19)    TX 3-978-833

(20)    TX 3-978-832

B.      Enter judgment that Defendant Hiner has infringed Plaintiff's rights in each of the aforementioned 20 federally registered copyrights;

C.      Enter judgment that Defendant Mission Publications, Inc. has willfully infringed Plaintiff's rights in each of the aforementioned 20 federally registered copyrights;

D.      Enter judgment that Defendant Hiner has willfully infringed Plaintiff's rights in each of the aforementioned 20 federally registered copyrights;

E.      Enter a permanent injunction against further infringement of each of the aforementioned 20 federally registered copyrights by Defendant Mission Publications, Inc., its directors, trustees, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with any of them,

including enjoining and restraining any of the aforementioned entities and natural persons from reproducing, preparing derivative works of, modifying, translating, distributing, displaying, importing, exporting, offering for sale, selling and/or making any other infringing use or infringing distribution of any copies of "THE BIBLE STORY" Works (or infringements thereof) without the subsequent and express written authorization of Plaintiff;

F.       Enter a permanent injunction against further infringement of each of the aforementioned 20 federally registered copyrights by Defendant Hiner, his agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with any of them, including subsequently incorporated entities in which Hiner is an incorporator, director, trustee, principal, officer, agent, representative, servant, employee, contractor, successor assign or in which he indirectly or directly holds a majority ownership, including enjoining and restraining any of the aforementioned entities and natural persons from reproducing, preparing derivative works of, modifying, translating, distributing, displaying, importing, exporting, offering for sale, selling and/or making any other infringing use or infringing distribution of copies of any "THE BIBLE STORY" Works (or infringements thereof) without the subsequent and express written authorization of Plaintiff;

G.       Enter an Order requiring Defendants:

(1)       To hold in trust, as constructive trustees for the benefit of Plaintiff, the gross receipts from Defendants' infringements of "THE BIBLE STORY" Works on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff;

(2)     To account for and disgorge to Plaintiff all gains and profits derived by Defendants from or attributable to their distribution, sale or other exploitation of "THE BIBLE STORY" Works or any other uses of all or part of "THE BIBLE STORY" Works made or authorized by Defendants;

(3)     To account for and disgorge to Plaintiff all gains and profits derived by Defendants' copyright infringement;

(4)     To produce to Plaintiff at 55 West Oak Ridge Drive, Hagerstown, Maryland 21740, at Defendants' expense, and within 10 business days of entry of judgment:

> a.  all tangible copies of any infringements of "THE BIBLE STORY" Works, including but not limited to all copies of the Spanish Translations in Defendants' possession at the time of filing this lawsuit, further to 17 U.S.C. § 503;

> b.  all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which any such copies were made that were in Defendants' possession at the time of filing this lawsuit, further to 17 U.S.C. § 503;

> c.  a full and complete accounting of all amounts due and owing to Plaintiff as a result of Defendants' wrongful conduct, including a sales breakdown by language and country for each infringing product;

> d.  copies of any printing certificates for each infringing product, or like records, including the total quantity and a breakdown by language;

e.  an executed declaration and confirmatory assignment acknowledging Review and Herald's sole and exclusive ownership of any translations of "THE BIBLE STORY" Works associated with Defendants, in a form to be prepared by Review and Herald; and

f.  an electronic file in a current Microsoft Word ".doc" format containing the complete editable and searchable text of any translations of "THE BIBLE STORY" Works that Defendants had prepared.

H.    Award Plaintiff:

(1)     A money judgment against Defendant Hiner in an amount equal to the actual damages suffered by Review and Herald due to Defendant Hiner's contractual breaches unrelated to the Agreement to Lease and as described in paragraphs 48 to 49, in addition to pre and post-judgment interest, costs, and for such other and further relief as may be just;

(2)     A money judgment against both Defendants jointly and severally in an amount equal to all sums found to be due from Defendants to Plaintiff on such accounting as this Court may decree, with pre- and post-judgment interest together with the costs and disbursements of this action;

(3)     A money judgment against Mission Publications in an amount equal to the actual damages suffered by Review and Herald and Pacific Press due to Defendant's contractual breaches complained of in Count XXII together with a money judgment against both Defendants jointly and severally in an amount equal to the amount by which Defendants are found to have been unjustly enriched

under Count XXIV , in addition to pre and post-judgment interest, costs, and for such other and further relief as may be just;

(4)     Actual damages suffered by Review and Herald and Pacific Press as a result of the infringement of each of the aforementioned 20 federally registered copyrights, and any profits of the Defendants that are attributable to the infringements and are not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504(b); and

(5)     If Plaintiff should so elect in lieu of actual damages for copyright infringement, statutory damages for each infringement, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of:

     a.  $30,000 for each "THE BIBLE STORY" Work infringed, pursuant to 17 U.S.C. § 504(c)(1);

     b.  $150,000 for each "THE BIBLE STORY" Work willfully infringed, pursuant to 17 U.S.C. § 504(c)(2); and/or

     c.  an amount the Court considers just for each infringement.

(6)     Full costs, including but not limited to a reasonable attorney's fee to Plaintiff as the prevailing party, pursuant to 17 U.S.C. § 505; and

I.     Grant Plaintiff such other further relief as the Court may deem proper and just.

Date:  December 7, 2012                    Respectfully submitted,

                                           Review and Herald Publishing Association


                                           /s/ Christopher B. Roth
                                           Christopher B. Roth (16658)
                                           BANNER & WITCOFF, LTD.
                                           1100 13th Street, NW, Suite 1200
                                           Washington, DC 20009
                                           Telephone:  (202) 824-3000
                                           Facsimile:  (202) 824-3001
                                           croth@bannerwitcoff.com

                                           *Of Counsel:*
                                           Richard S. Stockton
                                           BANNER & WITCOFF, LTD.
                                           Ten S. Wacker Dr.
                                           Suite 3000
                                           Chicago, IL 60606
                                           Telephone:  (312) 463-5000
                                           Facsimile:  (312) 463-5001
                                           rstockton@bannerwitcoff.com
                                           bwlitdocket@bannerwitcoff.com

                                           Todd R. McFarland (28777)
                                           Associate General Counsel
                                           Office of General Counsel
                                           General   Conference   of   Seventh-day
                                           Adventists
                                           12501 Old Columbia Pike
                                           Silver Spring, MD 20904
                                           Telephone:  (301) 680-6321
                                           Facsimile:  (301) 680-6329
                                           mcfarlandt@gc.adventist.org

                                           *Attorneys   for   Review   and   Herald*
                                           *Publishing Association*